IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SYLVESTER HAMILTON,
      Petitioner,

v.                                  No. 3:03cv170/RV/MD

JAMES V. CROSBY,
      Respondent.
_____

## REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response (doc. 12) to which petitioner has replied (doc. 13). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

      Petitioner was charged in the Circuit Court of Escambia County, Florida with armed robbery. The evidence at trial showed generally that petitioner and two others robbed a taxi driver. One of the others, Derrick Arnold, held a gun to the driver's head. The jury did not accept the state's contention that petitioner was a principal to the use of the gun, and found him guilty of robbery without a weapon, a lesser included offense. Petitioner's post-conviction procedural history was set out in an

earlier report and recommendation that addressed the timeliness of petitioner's filing, and will not be repeated here.  Petitioner's efforts on appeal and in post-convictions motions were unsuccessful.  He therefore brings this federal habeas petition and raises one ground for relief: that his attorney was ineffective in failing to assure that a fair and unbiased jury was seated.

## DISCUSSION

### Timeliness

_____Although this court has earlier denied the respondent's motion to dismiss the instant petition as untimely (docs. 10, 11), respondent has again broached the subject.  The respondent's analysis of the timing and tolling in this case are correct except for one critical difference.  He maintains that petitioner filed the instant petition on June 6, 2003, meaning that it was "about two weeks late," (doc. 12, p. 7) based on respondent's review of its internal prison records concerning inmate mail, and its copy of the filed petition.  Respondent has attached to his response his exhibit M, which is a copy of the petition, on the face of which is a prison record showing it was presented for mailing on June 3, 2003.  There is also a date stamp from this court showing that it was received here on June 9, 2003.  Were these the dates of the originally filed petition, respondent's point would be well taken.  However, a review of the court's docket sheet and the <u>original petition</u> shows clearly that the petition was signed and executed on May 1, 2003, date-stamped by the clerk of this court at 12:50 p.m. on May 5, 2003 and docketed that same day.  Because petitioner did not provide sufficient copies for service of the petition, the court ordered him by order dated May 8, 2003 to submit another (doc. 2), which he did.  The service copy was received and date-stamped by this court on June 9 (see docket entry of that date: "Also received (1) service copy - as requested in Order # 2, entered on 5/8/03.").  This is obviously the copy submitted to prison authorities for mailing on June 3, and is just as obviously the copy ultimately served on

respondent.  The original petition was filed on May 1, 2003, and was timely.[1]  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (applying the "mailbox rule" to a 28 U.S.C. § 2255 motion, finding it filed on the date the petitioner signed, executed and delivered it to prison authorities for mailing).

Standard of Review for 28 U.S.C. §  2254 cases

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

---

[1] This issue could have been clarified earlier had respondent provided a copy of the exhibit it now relies on in an objection to the original report and recommendation.  Even though the undersigned found specifically that the original petition was filed on May 1, 2003 respondent did not then question that finding.  Now that the court's records are available on-line, it is suggested that in the future the court docket sheet be checked before such conclusions are reached. That will save everyone time.  As to why the respondent apparently has no record of the original petition having been mailed on May 1, only he can answer.  The hard-copy of this file contains the original envelope in which the petition was mailed.  The postmark on the envelope is May 1, 2003.

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the state court's ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely: "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172. The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v.* Nagle, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the state court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and

nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20). If the state court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim. If on the other hand, the state court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. The state court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the state court adjudication results in a "satisfactory conclusion." *Id.* 529 U.S. at 410-12, 120 S.Ct. at 1522-23.

Only if the federal habeas court finds the state court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum). When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be

presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).

<u>Exhaustion and Default</u>

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."   *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).   To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan, supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard*

---

[2]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

      (B) (i)  there is an absence of available State corrective process; or

       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).  The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*.  The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law

overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[3]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 115 S.Ct. at 888.  Very recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that  "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004).  The *Baldwin* Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*  This language, while not part of the Court's holding, provides an instructive and useful rule of thumb.

Prior to *Duncan*, the Eleventh Circuit broadly interpreted the "fair presentation" requirement.  *See, e.g., Watson v. Dugger*, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court misapplied state law when it refused to give petitioner's requested jury instruction and thereby allowed the jury to convict without necessary showing of criminal intent, and argued in federal court that this was a due process violation); *Mattox v. Dugger*, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in

---

[3]The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

support of its position); *Hutchins v. Wainwright*, 715 F.2d 512, 518-19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court). However, after *Duncan*, the Eleventh Circuit has taken a more restrictive approach. For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734. This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a

state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991).  However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner.  *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

## Petitioner's Claim

Petitioner's sole ground for relief is that his trial counsel was ineffective, thereby depriving him of his constitutionally guaranteed right to counsel.

Specifically, petitioner contends counsel failed to challenge certain jurors, thereby depriving him of a fair and balanced jury.  Respondent contends that this issue was not "properly exhausted" in state court and is procedurally defaulted.  Therefore, it should not be considered by this court.  In support of his position, respondent asserts that although the Rule 3.850 court discussed petitioner's allegations of deficient performance on the merits, it held petitioner's allegations of prejudice to be legally insufficient.   According to respondent, "[w]ith the finding that the allegations of prejudice were insufficiently plead[ed], petitioner should have refiled a properly plead[ed] post conviction motion." (doc. 12, p. 9).  Because petitioner failed to do so and the time for filing such a motion has expired, respondent argues that petitioner is procedurally barred from raising his claim before this federal habeas court.  Respondent's argument should be rejected.

In petitioner's Rule 3.850 motion, he raised the same claim he raises here.  In its order denying relief, the Rule 3.850 court addressed the substance of the constitutional claim, and concluded that petitioner was not entitled to relief for the following reasons.  First, the record demonstrated that defense counsel exercised all six of their peremptory challenges; that prospective juror Huelsbeck indicated she could place the burden of proof upon the State; and that prospective juror McConnell indicated she could be fair and open-minded despite having her purse taken from her (exh. I, p. 16).  The court further found that there was no indication in the record that any of the four jurors at issue stated they could not be fair and impartial.  As a final matter, the court observed that "the required showing of prejudice in fact is to be strictly applied to claims of ineffective assistance of counsel," and that petitioner failed to make this showing because he did not allege how he was prejudiced by counsel's omissions, (*id.*) (citing *Richardson v. State*, 677

So.2d 43 (Fla. 1st DCA 1996)).[4]  The order of denial did not reference whether the denial was with or without prejudice.

Respondent's argument might have some appeal if the Rule 3.850 court had summarily denied relief.  However, that is not the case here.  The state court specifically addressed the merits of petitioner's allegations of deficient performance, citing to relevant portions of the jury selection transcript.  It then found petitioner's allegations of prejudice lacking.  To the extent the trial court's denial was based on a finding of an inadequate pleading, this decision essentially rested upon the substantive elements of proof necessary for establishing a constitutional claim of denial of effective assistance of counsel.[5]  Thus, because the trial court's decision was interwoven with federal law, this court concludes that petitioner has fairly presented and adequately exhausted in the state courts the instant ground of ineffective assistance of counsel.[6]

---

[4]In *Richardson*, the appellate court affirmed the lower court's denial of a Rule 3.850 motion, finding as follows:

> [W]e agree with the state's position that the appellant failed to satisfy the second prong ("prejudice" or detriment) of the test for demonstrating ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  As the required showing of prejudice in fact is to be "strictly applied," any such claim should be "positive, specific and factual."  The instant motion is facially deficient in this respect because the appellant failed to state that, but for his attorney's alleged misadvice, he would not have entered the plea.

*Richardson*, 677 So.2d at 44 (citations omitted).  Nothing in the *Richardson* decision indicates that it was resolved on procedural, as opposed to substantive, grounds.

[5]Respondent relies on *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 230 (1985), which held that a habeas petitioner attacking his guilty plea on grounds of ineffective assistance of counsel failed to allege sufficient prejudice under the *Strickland* standard when he complained of his attorney's advice on parole eligibility, but did not state that he would have pleaded not guilty and insisted on going to trial had the attorney advised him correctly.  While this goes to the issue of the sufficiency of an allegation of prejudice, it provides no support for respondent's position that the instant claim should be considered procedurally defaulted.  Respondent has not pointed to any authority that is directly on point with the position he advances.

[6]Even if this court would conclude that the state court decisions are insufficient to support a finding that the merits of petitioner's federal claim was considered, a finding of procedural default is nevertheless inappropriate.  Florida courts, when summarily denying facially insufficient motions for post-conviction relief, routinely enter orders of dismissal without prejudice, directing the movant to refile an adequate motion. *See, e.g., Groves v. State*, 668 So.2d 1089 (Fla. 1st DCA 1996); *Burns v. State*, 651 So.2d 813 (Fla. 5th DCA 1995); *Russell v. State*, 641 So.2d 972 (Fla. 2nd DCA 1994); *Lewis v. State*, 638 So.2d 97 (Fla. 2nd DCA 1994).  Petitioner was not so directed, either at the trial or appellate

### A.  Clearly Established Federal Law

In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.  Furthermore, "reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) ("emphasizing that petitioner was 'not entitled to error-free representation'").  In determining whether counsel's conduct was deficient, courts must, with much deference consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; see *Atkins v. Singletary*, 965 F.3d 952 (11th Cir. 1992).  Counsel's performance is presumed to have been reasonable and adequate, and must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 688-689, 104 S.Ct. at 2065.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so

---

levels.  Such an inconsistent application of a state procedural rule prevents its use as a procedural bar to federal habeas review.  *Ford, supra*; *Upshaw, supra*.

serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
*Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, defendant must provide factual support
for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401,
1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).
Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the
*Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v.
Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct.
at 1629).

B.  Review of State Court Decision

The trial court, in denying the 3.850 motion, specifically cited to and applied
the *Strickland* principles.  It discussed the merits of petitioner's motion, and noted
that, contrary to petitioner's argument, the juror who was allegedly close to law
enforcement testified that she would place the burden of proof on the state.  One
other stated that she could be fair and impartial, and none stated that they could not
be fair and impartial (doc. 12, exh. I, p. 16).  The transcript of jury selection supports
these findings:

Ms. Huelsbeck.

Petitioner contends that a Ms. Huelsbeck was close to law enforcement, and
said that her law enforcement friends would have a problem if she returned a not
guilty verdict.  The state court found that Ms. Huelsbeck indicated that she could
place the burden of proof on the state (exh. I, p. 16), which the record confirms (exh.
C, pp. 36-37).  A follow-up question asked whether law enforcement friends might
have problems with a juror returning a not guilty verdict, but it was a Ms. Pugh, not
Ms. Huelsbeck, that responded positively (exh I, pp. 38-39).  Ms. Pugh was
subsequently challenged by the prosecution (exh. I, p. 54).

Ms. McConnell.

Petitioner next says that Ms. McConnell testified that her purse had been
snatched from a grocery store, and that this made her biased.  She did so state (exh.
C, p. 24).  The next question from the prosecutor asked whether any crime victims'

experience would keep them from being fair and impartial, and none responded (exh. C, pp. 24-25).  Defense counsel later questioned McConnell, who explained that while she was shopping her purse was in her shopping cart, and somebody reached in and took her money while her back was turned (exh. C, p. 46).  She then agreed that she would be fair and open-minded (exh. C, p. 47).

**Mr. Godwin.**

Petitioner next faults counsel for not striking Mr. Godwin, who said he was the victim of a battery, but Mr. Godwin sat silent when the general question was asked on whether being a crime victim would keep him from being fair and impartial (exh. C, pp. 22, 24-25).

**Mr. Stewart.**

This juror said that he had been the victim of a burglary, but again did not indicate that this would affect his deliberations (exh. C, pp. 22-24).

Petitioner makes the bare allegation that all these jurors were of necessity hostile to him, and that his attorney should have used strikes against them.  There are several problems with this argument. First, the foregoing review of the trial transcript shows that none of the four gave any indication that they would be less than fair and impartial.  The trial court would not have granted a motion to strike for cause on any of the four.  Petitioner's conclusory assumption that the jurors would be hostile is not supported by the record.

Second, the record shows that the defense was allowed ten peremptory strikes (exh. C, p. 5), and used five (exh. C, pp. 52-55).  While it can be argued that defense counsel had enough strikes to challenge the jurors at issue, that does not resolve the issue.  There are many reasons for not challenging prospective jurors, not the least of which is that while any particular juror may be a detriment to the defense, the next juror up may be worse.  Any lawyer who has selected a jury knows that many possibilities are opened when a strike is used, not all of them good, and that there is no way of predicting what the ultimate result will be.  Finally, petitioner here has failed to show that any of the four jurors he complains of were in fact

biased.  His assumption that they "must have been" is just that, a conclusory assumption lacking proof.  Indeed, the record refutes petitioner's claim.

The *Strickland* standard requires that in order to show prejudice, petitioner must show that "a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different." *Baldwin v. Johnson*, 152 F.3d 1304, 1311 (11th Cir. 1998) (internal quotations and citations omitted).  Petitioner here made no effort to meet this requirement in the state court or here.  He has not shown bias by any juror, and the trial record shows the opposite.  The state court did not accept petitioner's argument that but for counsel's performance the result would have been different, nor does this court.  The state court did not "unreasonably appl[y] the relevant Supreme Court authority," *Williams, supra*, and the writ should not issue.


Accordingly, it is respectfully RECOMMENDED that the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Sylvester Hamilton* in the Circuit Court of Escambia County, Florida, case no. 99-2576, be DENIED, and that the clerk be directed to close the file.


At Pensacola, Florida, this 6th day of June, 2005.


/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

Any objections to these findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 701 (11th Cir. 1988).